[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #114 MOTION FOR ORDER
On March 1, 2002, the plaintiff filed a Motion for Compliance concerning a redacted sentence in an e-mail transmission that the defendant gave to the plaintiff in response to a Request of Production. The defendant asserts that pursuant to the provisions of Subsection 13-3 (a) of the Connecticut Practice Book, the redacted portion of the subject e-mail is not discoverable for reason that it is a mental impression of one of its representatives and that said impression concerns the current action.
Section 13-3 of the Practice Book concerns "materials prepared in anticipation of litigation; statements of parties". This section provides that:
(a) Subject to the provisions of Section 13-4, a party may obtain discovery of documents and tangible things otherwise discoverable under Section 13-2 and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In CT Page 7653 ordering discovery of such materials when the required showing has been made, the judicial authority shall not order disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.
 (b) A party may obtain, without the showing required under this section, discovery of the party's own statement and of any nonprivileged statement of any other party concerning the action or its subject matter.
This Court has conducted an in camera inspection of the document in question. Upon completing its review, it has come to the conclusion that the language that was redacted is indeed a mental impression or opinion of the author of the e-mail. However, the Court's inquiry does not stop here. In order to determine whether the subject portion of the e-mail may be discovered, this Court must determine whether or not the author of said document is "an attorney or other representative of a party concerning litigation".
It is undisputed that the author of the e-mail was not an attorney of the defendant. Furthermore, the subject e-mail was written on April 30, 2001. The plaintiff's complaint provides that the transaction that is the subject of this action occurred on April 27, 2001. Only three days had passed between the transaction and the drafting of the e-mail. It does not appear that the parties hereto were in any type of litigation mode or in preparation for litigation. Furthermore, there is no indication that the e-mail was requested by legal counsel or prepared on the behalf of legal counsel.
In addition to the foregoing, this court does not know the status of the drafter of the e-mail, i.e., whether she is a "representative" of the defendant. No affidavits or other evidence to support the defendant's assertions were provided.
 . . . [T]he burden of establishing immunity from discovery rests with the party asserting the privilege. That burden is discharged by the presentation of evidence in the form of testimony or affidavit concerning the document's content and use. (citations omitted)
 Babcock v. Bridgeport Hospital, 251 Conn. 790, 848 (1999).
CT Page 7654 In light of the foregoing, this Court comes to the conclusion that the defendant has not met its burden to show that the redacted portion of the e-mail was a mental impression of an attorney or other representative ofa party concerning the litigation. The defendant is to make the redacted portion of the e-mail available to the plaintiff within thirty (30) days of the date of this decision.
Richard A. Robinson, J. June 10, 2002